UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID MALONE,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:22-cv-05230-TL

ORDER ON MOTIONS FOR ATTORNEY FEES

     This matter comes before the Court on Plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, (Dkt. No. 16) and Defendant's stipulated motion for attorney fees under the EAJA (Dkt. No. 19).

     On August 4, 2022, based on Defendant's stipulated motion for remand (Dkt. No. 10), the Court entered final judgment on this case, ordering the Commissioner of Social Security's decision be reversed and remanded for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Dkt. No. 12. On October 27, 2022, Plaintiff timely filed an unstipulated motion for attorney fees. *See* Dkt. No. 16. In an accompanying declaration, Plaintiff's counsel included an itemized statement of his time spent in the case which shows that his total fees amount to $4,851.14. *See* Dkt. No. 17 at 2. On November 2, 2022, Defendant filed the instant stipulated motion after "the parties engaged in good faith negotiations" and agreed that Plaintiff

ORDER ON MOTIONS FOR
ATTORNEY FEES - 1

is the prevailing party, the position of the Commissioner was not substantially justified, and "[a]n award of $850.00 constitutes reasonable attorney fees in this matter." Dkt. No. 19 at 1. The stipulated motion did not include an itemized statement, though Plaintiff's counsel has since clarified for the Court that the stipulated motion was meant to supersede his prior motion for attorney fees.

EAJA authorizes payment of attorney fees to a prevailing party in an action against the United States, unless the court finds that the government's position on the merits in the litigation was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). In pertinent part, the EAJA requires that

> [a] party seeking an award of fees and other expenses *shall*, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, *including an itemized statement from any attorney* or expert witness representing or appearing in behalf of the party stating the *actual time expended* and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.

28 U.S.C. § 2412(d)(1)(B) (emphases added).

In addition to the 30-day period provided under § 2412(d)(1)(B), a party seeking an award of fees also has a 60-day appeal period from the entry of the Court's final judgment. *See Akopyan v. Barnhart*, 296 F.3d 852, 857 (9th Cir. 2002) (explaining that the timeframe for a Social Security claimant to file a petition for attorney fees "began to run upon expiration of the 60-day appeal period"); *see also* Fed. R. App. P. 4(a). The Court's judgment in this case became final and appealable on August 4, 2022. Dkt. No. 12. Therefore, the EAJA fees petition was due by November 2, 2022. The Commissioner's stipulated motion for fees was timely filed on November 2, 2022. *See* Dkt. No. 19.

ORDER ON MOTIONS FOR
ATTORNEY FEES - 2

But the Court also has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 436–37 (1983). A plain reading of the EAJA makes it clear that to receive an award of fees, the application must include an itemized statement, and that statement must show how much *actual* time was spent in the case, and the rate at which the fees were calculated. *See id*. The stipulated motion at issue here included no such statement, even though it otherwise met the requirements of the EAJA. *See* Dkt. No. 19.

While the Court did receive an itemized statement from Plaintiff's counsel, the statement accompanied Plaintiff's now-superseded, unstipulated motion and does not reflect that the parties agreed upon an $850.00 award.[1] *See* Dkt. No. 17 at 2. The Court understands this amount was negotiated between the parties, however, it is not aware of any exception to the EAJA itemization requirement for negotiated fee awards. Accordingly, the Court finds the parties did not comply with the requirements of EAJA.

For the foregoing reasons, (1) Plaintiff's motion for attorney fees (Dkt. No. 16) is TERMINATED AS MOOT; and (2) Plaintiff is DIRECTED to supplement the stipulated motion for attorney fees (Dkt. No. 19) with an itemized statement of the actual time expended as well as an explanation that the parties arrived at the negotiated fee award of $850.00 **by January 6, 2023**.

Dated this 20th day of December 2022.

Tana Lin
United States District Judge

---

[1] A negotiated fee amount appears to be appropriate, even if lower than the amount counsel could have billed for their actual time expended, as courts in this Circuit have approved negotiated EAJA awards that were higher than the statutory rate. *See Briggs v. United States*, No. C7-5760, 2010 WL 1759457, at *8 (N.D. Cal. Apr. 30, 2010) (approving negotiated fee award higher than the court's EAJA rate calculation where it was fair and reasonable).

ORDER ON MOTIONS FOR
ATTORNEY FEES - 3