UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID MALONE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　Defendant. | CASE NO. 3:22-cv-05230-TL<br><br>ORDER GRANTING STIPULATED MOTION FOR ATTORNEY FEES |

　　　　On August 4, 2022, based on Defendant's stipulated motion for remand (Dkt. No. 10), the Court entered final judgment on this case, ordering the Commissioner of Social Security's decision be reversed and remanded for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Dkt. No. 12. On October 27, 2022, Plaintiff timely filed an unstipulated motion for attorney fees under the Equal Access to Justice Act ("EAJA"). *See* Dkt. No. 16. In an accompanying declaration, Plaintiff's counsel included an itemized statement of his time spent in the case which shows that his total fees amount to $4,851.14. *See* Dkt. No. 17 at 2. On November 2, 2022, Defendant filed a stipulated motion after "the parties engaged in good faith negotiations" and agreed that Plaintiff is the prevailing party, the position of the Commissioner was not substantially justified, and "[a]n award of $850.00 constitutes reasonable attorney fees in this matter." Dkt. No. 19 at 1. The stipulated motion did not include an itemized statement,

ORDER GRANTING STIPULATED
MOTION FOR ATTORNEY FEES - 1

though Plaintiff's counsel has since clarified for the Court that the stipulated motion was meant to supersede his prior motion for attorney fees.

On December 20, 2022, the Court issued an order terminating Plaintiff's unstipulated motion for attorney fees (Dkt. No. 16) as moot and directing Plaintiff to supplement the stipulated motion (Dkt. No. 19) as required under the EAJA with an itemized statement of the actual time expended and an explanation as to how the Parties arrived at the negotiated fee award of $850.00 by January 6, 2023. Dkt. No. 20.

After Plaintiff failed to comply with the Court's order, the Court issued another order on January 11, 2023, directing Plaintiff to show cause by January 17, 2023, why the requested itemized statement and explanation had not been submitted, and advised Plaintiff that failure to do so could result in the denial of the stipulated motion for attorney fees. Dkt. No. 21.

Plaintiff responded to the Court's order to show cause the same day. Dkt. No. 22. Plaintiff again provided an itemized statement for $4,851.14 (Dkt. No. 22-2 at 1), but explained that though the itemized statement reflects his actual time expended on this case, he agreed to Defendant's proposed award of $850.00 because his "case load did not allow for substantial time to argue the matter." *See* Dkt. No. 22-1 at 1–2.

Because Plaintiff's itemized statement accurately reflects the time he expended on this case as required under the EAJA, and in light of Plaintiff's explanation as to how the Parties agreed on the $850.00 fee award, the Court finds that Plaintiff has properly complied with the EAJA. Accordingly, the Court hereby GRANTS the stipulated motion for attorney fees (Dkt. No. 19) and AWARDS Plaintiff $850.00 in fees under the EAJA, subject to any offset allowed under the Treasury Offset Program. *See Astrue v. Ratliff*, 560 U.S. 586, 589–90 (2010). If, after receiving the Court's EAJA fee order, the Commissioner (1) determines Plaintiff has assigned

his right to EAJA fees to his attorney, (2) determines Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (3) agrees to waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, then the EAJA fees will be issued in a check payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

Dated this 13th day of January 2023.

Tana Lin
United States District Judge

ORDER GRANTING STIPULATED
MOTION FOR ATTORNEY FEES - 3